**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| PAMELA BLAKELY/BOND, | : | |
| Plaintiff | : | |
| v. | : | 1:05-CV-70 (WLS) |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

## ORDER

Before the Court is Defendant United States of America's Motion to Dismiss. (Doc. 5). For the following reasons, Defendant's Motion to Dismiss (Doc. 5) is **GRANTED-IN-PART WITHOUT PREJUDICE**, **GRANTED-IN-PART**, and **DENIED-IN-PART WITHOUT PREJUDICE**.

## DISCUSSION

**I.    Background**

In the above captioned action, Plaintiff seeks money damages of $15,066.00 for alleged actions taken by federal employees, within the scope of their employment with the Marine Corps Logistics Base, Albany, Georgia. Specifically, Plaintiff alleges that Carol Stansbury was responsible for the spread of rumors that damaged Plaintiff's professional reputation. Plaintiff further alleges that Ms. Stansbury's actions led to the loss of her job, such action taken by Kent Morrison, Director of Marine Community Services in May 2005. (Docs. 1, 5).

Plaintiff, proceeding *pro se*, originally filed the instant case against Carol Stansbury on May 16, 2005 in the Magistrate Court of Dougherty County, Georgia. (Doc. 1, Exh. 1). Ms. Stansbury filed a timely Notice of Removal to this Court on May 26, 2005. (Doc. 1). Also on May 26, 2005, Ms. Stansbury filed a Notice of Substitution of Party Defendant, by which, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et. seq.*, she was substituted as a party defendant by the United States of America. (Doc. 2). On June 2, 2005, the

1

Court granted Defendant United States of America's Motion for Extension to File an Answer, Other Pleading, or Motion with respect to the Complaint. (Docs. 3, 4). Defendant was given sixty (60) days from May 27, 2005 to respond to the Complaint. (Doc. 4). Defendant United States of America filed the instant Motion to Dismiss on July 8, 2005. (Doc. 5).

On July 12, 2005, the Court issued an Order in which it acknowledged that Plaintiff proceeds in the instant action *pro se*. By the same order, the Court notified Plaintiff that a motion to dismiss had been filed against her, that she had the right to oppose said motion, and that failure to oppose said motion might result in a final judgment rendered against her. The Court specifically provided the text of Fed. R. Civ. P. 12(b), including, but not limited to, subsection 6, regarding motions to dismiss for failure to state a claim upon which relief can be granted. Following a subsequent explanation of the policies and procedures of the Court, the Court ordered that Plaintiff may file a response to Defendant's Motion to Dismiss by August 5, 2005. (Doc. 6). Plaintiff filed her timely response on July 19, 2005. (Doc. 8).

**II.    Motion to Dismiss**

Plaintiff's Complaint in the instant action consists solely of a completed Magistrate Court of Dougherty County Statement of Claim Form. (Doc. 1, Exh. 1). In said form, Plaintiff makes a claim for "$15,000.00 plus $66.00 in costs to date; and all future costs of this suit." *Id*. The entirety of Plaintiff's substantive claim consists of the following response to the form question: "Plaintiff claims that the Defendant is indebted to her as follows:"

> Carol Stansbury is responsible for final action taken on me by Kent Morrison in Human Resources Dept. She has spread rumors that damaged my reputation as a professional. She is responsible for my job loss at MCLB. *Id.*

As of the date of this Order, Plaintiff has made no motion to amend or supplement her pleadings. Defendant moves to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 5).

**A.    Employment Discrimination Claim**

In its motion, Defendant acknowledges that Plaintiff has a right to file an employment discrimination claim against the Department of the Navy based on the allegations made in her

2

Complaint. *Id*.   Defendant notes, however, that Plaintiff fails to specifically allege the legal foundation upon which she attempts to exercise said right; and seeks to cast Plaintiff's employment discrimination claim as one subject to Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-16(c) (2005), which provides the exclusive and preemptive judicial remedy for employment discrimination claims by federal employees.  *See* Canino v. United States Equal Employment Opportunity Commission, 707 F.2d 468, 472 (11th Cir. 1983) (*citing* Brown v. General Services Administration, 425 U.S. 820, 829 (1976)).   The Court agrees with Defendant's characterization of the nature of this allegation as a Title VII claim and proceeds with its analysis accordingly.

Defendant argues that Plaintiff fails in her Complaint to allege sufficient facts to show that she exhausted administrative remedies prior to filing the present lawsuit as required by Title VII.   The Court agrees.  Section 2000e-16(c) provides in relevant part:

> Civil action by party aggrieved. Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in [42 U.S.C. § 2000e-16(a)]...an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in [42 U.S.C. § 2000e-5], in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.  42 U.S.C. § 2000e-16(c) (2005).

Additionally, Plaintiff notes in her response to the instant motion that "[she] currently has a EEO claim against [her] white supervisors, this has nothing to do with Carol Stansbury."  (Doc. 8) (emphasis added).   As of the date of this Order, Plaintiff has not notified or otherwise indicated to the Court either that final action has been taken on her Equal Employment Opportunity Commission ("EEOC") claim or that the same commission failed to take final action on her complaint.    Plaintiff's Complaint, to the extent that it is a Title VII action, is therefore filed prematurely.

Accordingly, there is no basis in Plaintiff's employment discrimination claim upon which relief may be granted at the present time.  The Court, therefore **GRANTS-IN-PART WITHOUT PREJUDICE** Defendant's Motion to Dismiss (Doc. 5) to the extent Plaintiff asserts an employment discrimination claim pursuant to the provisions of Title VII.

### B. Defamation Claim

Plaintiff also seeks money damages from Defendant based on an apparent allegation of defamatory statement or statements made by Carol Stansbury, an employee of Defendant. (Doc. 1). "[Defendant] United States, as sovereign, is immune from suit save as it consents to be sued." U.S. v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." U.S. v. Mitchell, 445 U.S. 535, 538 (1980) (*quoting* U.S. v. King, 395 U.S. 1, 4 (1969)). The United States has not waived sovereign immunity for some claims, including, but not limited to defamation. *See*, *e.g.*, 28 U.S.C. §§ 1346(b), 2680(h) (list of actions for which the United States has waived immunity under the FTCA). Absent an explicit waiver, the doctrine of "[s]overeign immunity not only protects the United States from liability, it deprives a court of subject matter jurisdiction over claims against the United States." Richards v. U.S., 176 F.3d 652, 654 (3rd Cir. 1999) (*citing* U.S. v. Mitchell, 463 U.S. 206, 212 (1983)). There being no waiver for defamation claims against the United States, this Court may not grant Plaintiff relief for such a claim. Accordingly, the Court **GRANTS-IN-PART** Defendant's Motion to Dismiss (Doc. 5) as to Plaintiff's defamation claim only to the extent said claim is asserted against the United States of America. To the extent said motion is directed as possible defamation committed by Carol Stansbury, the same is **DENIED WITHOUT PREJUDICE**.

To the extent that Plaintiff's potential defamation claim may be asserted against Carol Stansbury in her individual capacity, the Court **REMANDS** the defamation claim in the above-captioned action to the Magistrate Court of Dougherty County, Georgia for determination of whether under Georgia law a defamation claim against Carol Stansbury is viable.

### III. Conclusion

For the aforementioned reasons, Defendant's Motion to Dismiss (Doc. 5) is **GRANTED-IN-PART WITHOUT PREJUDICE**, **GRANTED-IN-PART**, and **DENIED-IN-PART WITHOUT PREJUDICE**.

Additionally, the Court **REMANDS** Plaintiff's defamation claim in the above-captioned action to the Magistrate Court of Dougherty County, Georgia for further proceedings on a state

4

claim of defamation against Carol Stansbury.

**SO ORDERED**, this   5th   day of January, 2006.

                                                      /s/W. Louis Sands
                                                  **W. LOUIS SANDS, CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**